852 P.2d 404

**In the MATTER OF a Suspended Member of the State Bar of Arizona, Aaron Garth NELSON, Respondent.**

**No. SB–93–0010–D.**

**Comm. Nos. 87–1194, 87–1720, 88–1626 and 89–1744.**

Supreme Court of Arizona.

May 20, 1993.

Jay R. Irwin, Yuma, for respondent.

Harriet L. Turney, Phoenix, Chief Bar Counsel, for State Bar of Arizona.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **AARON GARTH NELSON,** a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of one year, effective as of June 28, 1991, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **AARON GARTH NELSON** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **AARON GARTH NELSON** shall pay the costs of these proceedings in the amount of $1,440.25.

### EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. Nos. 87–1194, 87–1720, 88–1626, and 89–1744

In the Matter of a

Suspended Member of the

State Bar of Arizona,

AARON GARTH NELSON, RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed January 15, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on November 14, 1992, for oral argument pursuant to Rule 53(d), R.Ariz.Sup.Ct. Prior to oral argument, the Commission reviewed the record on appeal and made its decision based on the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for suspension.

### Decision

After review of the record on appeal, the Commission, by a unanimous vote of six aye,[1] adopts the committee's recommenda-

---

**1.** Commissioners Bonwell, Doyle, and Malm did    not participate in these proceedings.

tion of acceptance of the agreement for discipline by consent providing for a one year suspension. The Commission unanimously rejects the committee's recommendation that the suspension be effective as of the date of the order of the Supreme Court, and recommends that the effective date be June 28, 1991, which is the date Respondent voluntarily stopped practicing law. Additionally, the Commission unanimously adopts the hearing committee's findings of fact and conclusions of law.

## Facts

The complaint in this matter contains five counts alleging misconduct by Respondent. A sixth count addresses prior discipline. As the State Bar was unable to locate the complainant in Count One, it has stipulated that the allegations concerning the underlying conduct be dismissed. However, Respondent failed to timely respond to the State Bar's requests for information concerning these allegations.

Count Two addresses Respondent's representation of a client in a criminal matter. In a hearing for post conviction relief, Respondent deviated from the standard of minimal competency by failing to interview a witness.

Count Three concerns Respondent's retention by a client for representation in appealing a property tax ruling on property owned by the client. The client paid Respondent a retainer of $500. Respondent failed to amend the complaint to include an additional party, as ordered by the court, and failed to inform his client that he would not represent him on appeal as previously agreed. Further, Respondent failed to timely respond to the State Bar's inquiries into this matter.

Counts Four and Five concern Respondent's retention by the executor of an estate to handle the probate of the estate. Respondent failed to diligently handle the probate matters, and failed to maintain adequate communication with the executor. Respondent again failed to timely respond to the State Bar inquiries into this matter.

Respondent has conditionally admitted all of the above-described conduct.

## Discussion of Decision

The Commission agrees with the committee, and finds that Respondent's conduct violated the following ethical rules:

1. Respondent violated ER 8.1(b) and Supreme Court Rule 51(h) and (i) when he failed to timely respond to the State Bar's requests for information in Counts One, Three, and Five;

2. Respondent violated ER 1.3 with the lack of diligence he exhibited in failing to interview a witness in Count Two, in failing to pursue a tax appeal in Count Three, and in failing to handle the probate matters in Count Four; and

3. Respondent violated ER 1.4 by failing to inform his client he would not represent him on appeal in Count Three, and in failing to maintain adequate communication with the executor of the estate in Count Four.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the Supreme Court. *In re Rivkind*, 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Standards indicate suspension is the proper sanction.

Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or engages in a pattern of neglect and causes injury or potential injury to a client. Although Respondent's lack of diligence and inadequate communication was apparently unintentional, the committee states in its report, "... the multiple allegations against Respondent ... demonstrate a pattern of neglect in performing services for clients," making suspension appropriate.

A review of Standard 7.2 also indicates suspension is appropriate here, as it provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and

causes injury or potential injury to a client, the public, or the legal system. Lawyers have a duty to maintain the integrity of the profession (Theoretical Framework to ABA Standards, p. 6). Respondent failed to maintain that integrity by refusing to cooperate with the self-regulating disciplinary procedures of the State Bar.

A number of aggravating factors, as listed in Standard 9.22, are present in the instant case. These include a pattern of misconduct, multiple offenses, failing to cooperate in the disciplinary process, and substantial experience in the practice of law (at the time of the misconduct, Respondent had been practicing for over twenty years). Neither is Respondent a newcomer to the disciplinary process. He has previously been informally reprimanded for failing to cooperate with a State Bar investigation; he was censured and placed on twelve months' probation in 1989 for conduct involving lack of competence and lack of communication; he was suspended for a period of six months in 1961; and was placed on nine months' suspension, to be followed by a one year probation, in January 1992 for conduct involving lack of diligence, lack of communication, disobeying court orders, and, again, failing to cooperate in a State Bar disciplinary proceeding. On its face, this list of aggravating factors is considerable. However, the existing mitigating factors are also weighty.

Standard 9.32 lists factors to be considered in mitigation. Present here are the absence of a dishonest or selfish motive; remoteness of prior offenses, specifically, the 1961 suspension; and delay in disciplinary proceedings. This delay applies to Counts Two and Three, where the formal complaint was not filed until three years after the initial contact with the complainants. Although significant, these mitigating factors do not outweigh the factors in aggravation.

However, there are additional factors unique to this case. Respondent, who is 66 years of age, has not practiced law since June 28, 1991, when he voluntarily stopped practicing. In addition, he began serving a nine-month suspension on February 21, 1992, which is to be followed by a one-year period of probation. Given these factors, it is unlikely that he will regularly practice law again. Respondent has indicated that he would like, at some point in the future, to practice on a limited basis, volunteering his services to charitable organizations.

The State Bar agrees that making the suspension effective as of the date Respondent voluntarily quit practicing is appropriate in this case. At this point, Respondent, of his own accord, has not practiced law for nearly a year and a half. Considering the time frame provided in the disciplinary rules, by the time the court issues the order of suspension it will be more than a year and a half since Respondent has practiced law. Further time will be incurred in the reinstatement proceedings required for suspensions of over six months.

The Commission believes Respondent is adequately aware of the seriousness of his misconduct, particularly as demonstrated by his voluntary withdrawal from practice. The Commission gives great weight to Respondent's acknowledgment of misconduct and the unique circumstances presented above. These factors lead the Commission to conclude that a one-year retroactive suspension will serve the purpose of discipline, which is to protect the public, the profession, and the justice system. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985).

RESPECTFULLY SUBMITTED this 12th day of January, 1993

/s/ Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission